UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOMELESS HELPING HOMELESS, INC.,

      **Plaintiff,**                                   CASE NO.: 8:15-CV-01219-T-23EAJ

vs.

**CITY OF TAMPA, FLORIDA,**

      **Defendant.**
_____/

### DEFENDANT, CITY OF TAMPA'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED AMENDED COMPLAINT

Defendant, City of Tampa ("City"), hereby submits its Answer and Affirmative Defenses to Plaintiff's Verified Amended Complaint, as follows:

ANSWER

1. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations.

2. The allegations in the first sentence are denied. With respect to the second sentence, denied as stated; Section 25-173 (now repealed) speaks for itself. With respect to the third sentence, admitted.

3. Denied as stated; Section 14-46(b) of the City Code speaks for itself. By way of further answer, the case of *McCullen v. Coakley*, 134 S. Ct. 2518 (2014) speaks for itself.

4. With respect to the first sentence, denied as stated; Section 14-46(b) of the City Code speaks for itself. With respect to the second sentence, it is admitted only that in the City's

1

Answer to the original Complaint that the City admitted that it had no compelling interest in implementing Section 14-46(b); otherwise denied.

5. Denied.

6. With respect to the first sentence, denied. With respect to the second sentence, admitted only that plaintiff is seeking injunctive relief; it is denied that plaintiff is entitled to any such relief.

7. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations.

8. With respect to the first sentence, admitted. With respect to the second sentence, denied to the extent that the allegations involve intentional tortious acts (as provided by Fla. Stat. 768.28); otherwise admitted.

9. The allegations are admitted for jurisdictional purposes only; the City denies any liability or wrongdoing.

10. The allegations are admitted for jurisdictional purposes only; the City denies any liability or wrongdoing.

11. Admitted.

12. As to the first sentence, the City is without knowledge or information as to the truth of the allegations. As to the second and third sentences, admitted.

13. Admitted only that the City enacted laws; otherwise denied.

14. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations.

15. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations.

16. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations.

17. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations.

18. Admitted.

19. The allegations are admitted with the exception of the allegation contained in the first sentence that the purpose of the action was "to clamp down on solicitation by the homeless," which is denied.

20. Denied as stated; the DVD of the City Council meeting is the best evidence of what transpired.

21. Denied as stated; the DVD of the City Council meeting is the best evidence of what transpired.

22. Denied as stated; the DVD of the City Council meeting is the best evidence of what transpired.

23. Denied as stated; the DVD of the City Council meeting is the best evidence of what transpired.

24. Denied as stated; the DVD of the City Council meeting is the best evidence of what transpired.

25. Denied as stated; the DVD of the City Council meeting is the best evidence of what transpired.

26. Denied as stated; the DVD of the City Council meeting is the best evidence of what transpired.

27. Denied as stated; the DVD of the City Council meeting is the best evidence of what transpired.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. With respect to the first sentence, denied as stated; Section 14-46 speaks for itself. With respect to the remaining sentences, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations.

33. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations.

34. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations.

35. With respect to the first sentence, denied as stated. With respect to the second sentence, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations.

36. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations.

37. With respect to the first sentence, admitted. With respect to the second sentence denied. As to the third and fourth sentences, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations.

38. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations.

39. Denied as stated; the case law speaks for itself.

40. Denied.

41. With respect to the first two sentences, denied as stated. With respect to the remaining sentences, denied as stated; the case law speaks for itself.

42. Admitted except as to the last sentence which is denied.

43. With respect to the first sentence, admitted. By way of further answer, the determination as to whether the requisite governmental interest has been satisfied is a determination for the Court. With respect to the second sentence, admitted. With respect to third sentence, denied as stated; the case law speaks for itself. With respect to the fourth sentence, Section 14-46(b) speaks for itself. With respect to the fifth sentence, admitted.

44. With respect to the first sentence, denied. With respect to the second and third sentences, the case law speaks for itself.

45. With respect to the first, second and fourth sentences, denied. With respect to the third sentence, admitted.

46. Denied. By way of further answer, these locations are either adjacent to or somehow connected to museums, hotels, historical buildings, etc.

47. With respect to the first sentence, denied. With respect to the second sentence, it is denied as stated as the case law speaks for itself.

48. Denied.

49. Denied.

50. The City hereby re-alleges its answers to paragraphs 1-49 as though fully set forth herein.

51. Denied as stated; 42 U.S.C. Section 1983 speaks for itself.

52. Denied as stated; the First Amendment to the United States Constitution, and the Fourteenth Amendment, speak for themselves.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. The City hereby re-alleges its answers to paragraphs 1-56 as though fully set forth herein.

58. Denied as stated; 28 U.S.C. Section 2201(a) speaks for itself.

59. Denied as stated; Section 86.021 of the Florida Statutes speaks for itself.

60. Denied as stated; Article one, Section four of the Florida Constitution, speaks for itself.

61. Denied.

62. Denied.

63. Admitted.

64. It is admitted only that there is an actual controversy; it is denied that the challenged ordinance is unconstitutional.

65. It is admitted only that Plaintiff is seeking declaratory relief. It is denied that Plaintiff is entitled to the declaratory relief it is seeking.

WHEREFORE, the City prays for judgment in its favor, and against Plaintiff; and that the City be awarded costs as authorized by law.

## AFFIRMATIVE DEFENSES

As and for additional defenses, the City states as follows:

## FIRST AFFIRMATIVE DEFENSE

There are a number of predicate acts which support the constitutionality of City Code Section 14-46. In connection therewith, the City is attaching hereto the following documents:

a.  City Code Section 14-46, which is attached hereto as Exhibit A;

b.  City Council Files, as follows:

   i.   City Council File No. E2011-8 CH 25 from the June 16, 2011 at 9:00 a.m. work shop session of Council, which is attached hereto as Exhibit B;

   ii.  City Council File No. E2013-48 from the May 2, 2013 at 9:00 a.m. regular session of Council. which is attached hereto as Exhibit C;

   iii. City Council File No. E2013-48 and E2013-8 CH 14 from the June 27, 2013 at 9:00 a.m. regular session of Council, which is attached hereto as Exhibit D; and

   iv.  City Council File No. E2013-48 and E2013-8 CH 14 from July 18, 2013 at 9:00 a.m. regular session of Council, which is attached hereto as Exhibit E;

c.  Closed Caption transcript of proceedings before City Council for the dates listed below. Further, subject to approval of the Court, the City will file with the Clerk of Court, DVDs of gavel-to-gavel proceedings before Tampa's City Council, accompanied by an affidavit that the DVDs are a true and correct copy of the gavel-to-gavel proceedings, for the dates as follows:

   i.   City Council hearing held on June 16, 2011, which is attached hereto as Exhibit F;

   ii.  City Council hearing held on May 2, 2013, which is attached hereto as Exhibit G;

   iii. City Council hearing held on June 27, 2013, which is attached hereto as Exhibit H; and

   iv.  City Council hearing held on July 18, 2013, which is attached hereto as Exhibit I.

It is the City's position that the aforesaid documents, in their entirety, provide a sufficient predicate for upholding the constitutionality of the challenged ordinance, City Code Section 14-46.

## SECOND AFFIRMATIVE DEFENSE

City Code 14-46 does not restrict speech "based upon either the content or subject matter of the speech." Instead, City Code 14-46 prohibits solicitation *of any kind* irrespective of the ideology, content or viewpoint contained in such speech.

WHEREFORE, the City prays for judgment in its favor, and against Plaintiff; and that the City be awarded costs as authorized by law.

CITY OF TAMPA
JULIA C. MANDELL
CITY ATTORNEY, CITY OF TAMPA

By: _____ Hargrett
Jerry M. Gewirtz
Chief Assistant City Attorney
Florida Bar No.: 0843865
Primary: Jerry.Gewirtz@tampagov.net
Secondary: Kimber.Spitsberg@tampagov.net
Toyin K. Aina-Hargrett
Assistant City Attorney
Florida Bar No.: 0178950
Primary: Toyin.Aina-Hargrett@tampagov.net
Secondary: Lisa.Levy@tampagov.net
315 E. Kennedy Boulevard
Tampa, Florida 33602
Telephone: (813) 274-8996
Facsimile: (813) 274-8809
Attorneys for Defendant, City of Tampa, Florida

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 10, 2015 the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brian T. Burgess, Esquire at BBurgess@goodwinprocter.com (Goodwin Procter, LLP, 901 New York Avenue NW, Washington, DC 20001); Kara A. Harrington, Esquire at KHarrington@goodwinprocter.com (Goodwin Procter, LLP, Exchange Place, 53 State Street, Boston, MA 02109-2881); Andrew Kim, Esquire at AndrewKim@goodwinprocter.com); Kevin P. Martin, Esquire at kmartin@goodwinprocter.com (Goodwin Procter, LLP, Exchange Place, 53 State Street, Boston, MA 02109-2881); Joseph P. Rockers, Esquire at JRockers@goodwinprocter.com (Goodwin Procter, LLP, Exchange Place, 53 State Street, Boston, MA 02109-2881); Frederick C. Schafrick, Esquire at fschafrick@goodwinprocter.com (Goodwin Procter, LLP, 901 New York Avenue NW, Washington, DC 20001); and David M. Snyder, Esquire at dmsnyder@dms-law.com (David M. Snyder, P.A., Suite 229, 4230 S. MacDill Avenue, Tampa, FL 33611).

/s/ Hargrett