UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOMELESS HELPING HOMELESS, INC.,

Plaintiff,

v.

CITY OF TAMPA, FLORIDA

Defendant.

Civil Action No. 8:15-cv-01219-SDM-EAJ

## PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 12(c), Plaintiff Homeless Helping Homeless, Inc. ("HHH") moves for judgment on the pleadings on its claims that TAMPA, FLA., CODE ch. 14 art. II, div. 2, § 14-46(b) ("section 14-46(b)") abridges HHH's right to freedom of speech guaranteed by the First and Fourteenth Amendments to the United States Constitution and article one, section four of the Florida Constitution. For the reasons set forth below, HHH is entitled to judgment as a matter of law on the basis of the pleadings and to appropriate declaratory and injunctive relief.

## REQUEST FOR ORAL ARGUMENT

Plaintiff respectfully requests oral argument with regard to this motion and submits that thirty minutes (15 minutes per side) should be sufficient time for argument.

## MEMORANDUM OF LAW

Since HHH filed in its initial complaint, two developments—one at the Supreme Court, and one in this case—have sharply narrowed the legal issues presented. Together, they confirm that section 14-46(b) cannot survive constitutional scrutiny and therefore

entitle HHH to judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1]

*First*, the Supreme Court issued its long-awaited decision in *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015), which confirmed (as the Eleventh Circuit long has held) that a law drawing content-based distinctions on its face is subject to strict scrutiny *regardless* of the government's asserted "justifications or purposes for enacting" the law. *Id.* at 2227; *see also Solantic, LLC v. City of Neptune Beach*, 410 F.3d 1250, 1260–66 (11th Cir. 2005). *Reed*'s applicability to challenges to anti-panhandling laws is indisputable, as demonstrated by the impact of *Reed* on two decisions that the City relied upon in its opposition to Plaintiff's original motion for a preliminary injunction: the Supreme Court itself vacated a First Circuit decision which held that an anti-solicitation law was content-neutral, and a Seventh Circuit panel granted rehearing and reversed its own prior decision holding that an anti-solicitation law was content-neutral. *Thayer v. City of Worcester, Mass.*, 135 S. Ct. 2887 (2015); *Norton v. City of Springfield*, No. 13-3581, 2015 WL 4714073 (7th Cir. Aug. 7, 2015) ("*Norton II*"). Applying *Reed* in this case, Section 14-46(b) plainly is content based: it criminalizes speech on a single subject—vocal requests for money—while leaving speech on other topics (including vocal requests for something other than money, or requests that passerby *not* give to panhandlers) unrestricted. Section 14-46(b) therefore cannot survive unless it passes strict scrutiny, which requires the City to prove that the law is "least restrictive means of advancing a compelling government interest." *Solantic,* 410 F.3d at 1258.

---

[1] The protection afforded to speech under article 1, section 4 of the Florida Constitution "is the same" as the protection provided by the First Amendment *Dep't of Educ. v. Lewis*, 416 So. 2d 455, 461 (Fla. 1982). Accordingly, HHH's First Amendment arguments apply in full to its state-law claims.

2

*Second*, and in that regard, the City *conceded* that section 14-46(b) cannot pass strict scrutiny. Specifically, the City twice admitted in its Answer to HHH's Amended Complaint that section 14-46(b) does not advance a compelling government interest, when it:

- admitted that "[t]he City had no compelling interest in implementing section 14-46(b)." City Ans. to Am. Compl. ¶ 42 (ECF No. 45); and

- admitted that "[e]ven putting aside the City's concession [that it 'had no compelling interest in implementing section 14-46(b)'], section 14-46(b) does not advance a compelling government interest." *Id*. ¶ 43.

Those admissions are binding on the City and themselves provide sufficient basis to strike down section 14-46(b) without any further analysis.

HHH also alleged that section 14-46(b) cannot survive the "intermediate" scrutiny applicable to time, place, and manner restrictions, and is prepared to litigate that issue if necessary. *See* Am. Compl. ¶¶ 5, 44–49 (ECF No. 42). But following *Reed*, and in light of the City's concessions in its Answer, there is no need to do so. HHH is entitled to judgment on the pleadings because section 14-46(b) is subject to strict scrutiny, which the City admits the law cannot survive.

## **BACKGROUND**

For purposes of this motion under Federal Rule of Civil Procedure 12(c), HHH recites only on factual allegations that are not in dispute and facts that are susceptible to judicial notice.

HHH previously engaged in peaceful solicitation in downtown Tampa and the Ybor City District. *See* Am. Compl. ¶ 1. But its speech was criminalized by Ordinance No. 2013-95 (codified at TAMPA, FLA., CODE § 14-46), which restricts speech intended "to solicit donations or payment" in these areas. Am. Compl. ¶ 28. The ordinance defines "[s]olicit" to mean "attempts in person to obtain charitable contributions, or

attempts to sell any good or service, for the benefit of the solicitor or on behalf of an individual or organization. Am. Compl. ¶ 30. The ordinance makes it unlawful for anyone to vocally "solicit donations or payment when either the solicitor or the person being solicited is located in, on, or at" any of several different locations, including the "Downtown/Ybor Area Prohibited Zone." Am. Compl. ¶ 28. These restricted zones cover over six square miles of Downtown Tampa and the city's Ybor City District. Am. Compl. ¶ 31. On its face, section 14-46(b) criminalizes only vocal solicitations for charitable donations or for sales; it does not apply to other types of solicitations (for directions, or signatures on a petition, or attendance at a religious service), to statements opposing solicitation (*e.g.*, "please do not give to panhandlers"), or to speech on other topics (political campaigning, talk about the Rays' season, and so forth).

In the preamble to the ordinance adopting section 14-46(b), the City Council stated that the ordinance (which also included a ban on so-called "aggressive" panhandling codified in section 14-46(a)) was intended to "promote public safety, protect [Tampa's] citizens and visitors and promote the Ybor City and general downtown area as tourist destinations and economic engines for the City," as well as to "protect [Tampa's] citizens and visitors in areas where they may be or perceive themselves to be vulnerable and/or unable to leave." City Ans. to Am. Compl., exh. D (ECF No. 45-5). The preamble declared that these interests were "significant" and "substantial," *id.*, and asserted that ordinance was a narrowly tailored way to achieve them. *Id.* The City Council did not, however, address whether its asserted objectives rose to the level of compelling interests. *See id.* In both its Answer to Plaintiff's original Complaint and its Answer to Plaintiff's Amended Complaint, the City has repeatedly conceded that its interests in section 14-46(b) are not compelling: "The City had no compelling interest in

4

implementing section 14-46(b)." Am. Compl. ¶¶ 42; City Ans. to Am. Compl. ¶¶ 42; Compl. ¶ 55; City Ans. to Compl. ¶ 55; *see also* Am. Compl. ¶ 43; City Ans. to Am. Compl. ¶ 43.

**ARGUMENT**

I. **HHH is entitled to judgment in its favor on its challenge to section 14-46(b).**

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014); *see also* Fed. R. Civ. P. 12(c). "[I]n determining whether a party is entitled to judgment on the pleadings, a district court must accept as true all material facts alleged in the non-moving party's pleading and must view those facts in the light most favorable to the non-moving party." *Siewieorik v. Butler & Hosch, P.A.*, No. 14-CV-1949, 2015 WL 1809088, at *1 (M.D. Fla. Apr. 17, 2015).

A. **Section 14-46(b) Is an Unconstitutional Content-Based Restriction.**

In *Reed*, the Supreme Court was asked to resolve a split among the circuits, some of which (including the Eleventh Circuit) had held that laws on their face distinguishing between content always are "content based" and therefore subject to strict scrutiny, and others of which had held that even a facially content-based law need not survive strict scrutiny so long as the government's motive was not "animus" against the proscribed speech. *Reed* itself involved a First Amendment challenge to a city's sign code. 135 S. Ct. at 2224-25. That code subjected certain signs—such as the "temporary directional signs" that the *Reed* plaintiffs wished to post to advertise the time and location of their religious services—to more stringent regulations than other outdoor signs, such as temporary signs "designed to influence the outcome of an election" or signs to "communicat[e] a message or ideas for noncommercial purposes." *Id.*

Resolving the circuit split in favor of the Eleventh Circuit's view, the Court held that "[a] law that is content based on its face is subject to strict scrutiny regardless of the government's benign motive, content-neutral justification, or lack of animus toward the ideas contained in the regulated speech." 135 S. Ct. at 2228 (internal quotation marks omitted)). The Court held that the sign code was content based on its face because the law's prescriptions depended on a sign's "communicative content." *Id.* at 2227. In so holding, the Court rejected the city's attempt to conflate content and viewpoint discrimination. As the Court explained, "a speech regulation targeted at specific subject matter is content based even if it does not discriminate among viewpoints within that subject matter." *Id.* at 2230.

On its face, section 14-46(b) "singles out specific subject matter for differential treatment." *Reed*, 135 S. Ct. at 2230. The law bans only vocal requests for "donations or payment" throughout broad swaths of Tampa, while leaving other speech unrestricted. An individual in downtown Tampa and Ybor City may approach others to vocally advocate for a political candidate, preach about his religious beliefs, or simply ask for directions. The same individual also can approach would-be donors and urge them against giving to charitable solicitors. But should that individual vocally ask for charity under identical circumstances, he will have committed a crime. Accordingly, section 14-46(b) is content based under *Reed* and must pass strict scrutiny to survive.

A Seventh Circuit panel reached this very conclusion in a case decided after *Reed*, reversing its prior decision that an anti-panhandling law similar to section 14-46(b) was not content based. In *Norton II*, the Seventh Circuit held that an ordinance that prohibited "panhandling" in the "downtown historic district" of Springfield was unconstitutional. *Id.* at *1. Much like Tampa, the City of Springfield defined "panhandling as an oral

6

request for an immediate donation of money" and allowed only "[s]igns requesting money . . . [and] oral pleas to send money later." *Id.* The panel had held pre-*Reed* that the Springfield law was content neutral, *Norton v. City of Springfield*, 768 F.3d 713 (7th Cir. 2014) ("*Norton I*"), *vacated by Norton II*, 2015 WL 4714073, at *1–2, but subsequently recognized that "*Reed* understands content discrimination differently." *Reed II* at *1. The court explained that "*Reed* effectively abolishes any distinction between content regulation and subject-matter regulation. Any law distinguishing one kind of speech from another by reference to its meaning now requires a compelling justification." *Id.* at *2. It therefore concluded that Springfield's ordinance was unconstitutional because it "regulate[d] 'because of the topic discussed,'" *id.*, and could not survive strict scrutiny. Other cases, pre- and post-*Reed*, are to similar effect. *See, e.g.*, *Planet Aid v. City of St. Johns*, 782 F.3d 318, 328–30 (6th Cir. 2015) (pre-*Reed*); *Browne v. City of Grand Junction*, 27 F. Supp. 3d 1161, 1166 (D. Colo. 2014) (pre-*Reed*); *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, No. 10-CV-2262, 2015 WL 5178147, at *12–*13 (E.D.N.Y. Sept. 3, 2015) (post-*Reed*).

The City of Tampa appears to be arguing that section 14-46(b) is not content based "because it does not favor a certain type of solicitation." City Opp. to Plaintiff's Mot. for Prelim. Inj. at 5 (ECF No. 26); *see also* City Ans. to Am. Compl. at 7 ("Instead, City Code 14-46 prohibits solicitation *of any kind* irrespective of the ideology, content or viewpoint contained in such speech."). But *Reed* forecloses that argument. As the Supreme Court explained, "[t]he First Amendment's hostility to content-based regulation extends not only to restrictions on particular viewpoints, but also to prohibition of public discussion of an entire topic." 135 S. Ct. at 2230 (internal quotation marks and citation omitted); *see also Carey v. Brown*, 447 U.S. 455, 460–62 (1980) (law that bans most

7

picketing in residential areas but allows labor picketing is content-based). In *Reed*, the law applied equally to all types of directional signs, but it still was deemed content based and subjected to strict scrutiny. So too here: the challenged ordinance treats "an entire topic"—certain solicitations—as second-class speech in comparison to other topics, and therefore it is subject to strict scrutiny.[2]

### B. Section 14-46(b) Cannot Survive Strict Scrutiny

"Content-based laws . . . are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests." *Reed*, 135 S. Ct. at 2227. "Few laws survive" this demanding standard, *Burk v. Augusta-Richmond Cnty.*, 365 F.3d 1247, 1255 (11th Cir. 2004), and section 14-46(b) is no exception. Indeed, the City never has attempted to argue otherwise. From the time when the ordinance was passed through the date of this motion, the City has limited its defense of the law to the intermediate-scrutiny standard. *See, e.g.*, City Ans. to Compl. ¶ 3 (denying HHH's allegation that section 14-46(b) cannot "survive the scrutiny required of content-based regulations" only "[t]o the extent that the City's ordinances are not content based and therefore that standard does not apply"); ECF No. 26 at 7-13 (defending section 14-46(b) under intermediate scrutiny without arguing in the alternative that the law can survive strict scrutiny).

---

[2] The City's assertion that section 14-46(b) "prohibits solicitation *of any kind* irrespective of the ideology, content or viewpoint contained in such speech," City Ans. to Am. Compl. 8, is also flatly inconsistent with the plain text of the statute. The ordinance's definition of "solicitation" expressly limits the term to in-person requests "to obtain charitable contributions" or "attempts to sell any good or service, for the benefit of the solicitor or on behalf of an individual or organization." Am. Compl. ¶ 39. Other forms of in-person solicitation are not covered. As a result, section 14-46(b) allows vocal requests for signatures on a petition, for attendance at a prayer service, or for directions; only vocal requests for "donations or payment" are barred. Thus, even within the category of solicitation, the ordinances discriminate based on the content of speech.

In its Answer to Plaintiff's original Complaint, the City admitted that the law does not further a compelling government interest. *See* City Ans. to Compl. ¶ 55. Even after *Reed*, the City repeated that concession—which is fatal under strict-scrutiny review—in response to Plaintiff's Amended Complaint. *See* City Ans. to Am. Compl. ¶¶ 42, 43. The City's admissions that section 14-46(b) is not supported by a compelling interest and does not advance a compelling interest are binding. *See APR Energy, LLC v. First Inv. Grp. Corp.*, No. 14-cv-575, 2015 WL 736236, at *11 (M.D. Fla. Feb. 20, 2015) ("'[A] party is bound by admissions in his pleadings.'" (quoting *Best Canvas Prod. & Supplies Inc. v. Ploof Truck Lines, Inc.*, 713 F.3d 618, 621 (11th Cir. 1983)). Those admissions alone, in light of *Reed*, entitle Plaintiff to judgment on the pleadings.

The City's admission that its interests in section 14-46(b) are not compelling is clearly correct. As a matter of law, the City's interests in promoting tourism, boosting local business, and protecting citizens and tourists from uncomfortable speech in public are not "compelling" government interests—a sparingly used category reserved for government objectives of "the highest order." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 28 (2010). No court ever has held that the government may discriminate against protected categories of speech in traditional public fora in order to please tourists and business interests. To the contrary, as courts have recognized, the First Amendment would mean little if the government could evade its protections based on a desire to remove from traditional public fora speech that tourists or customers of local businesses might wish to avoid. *See, e.g., McCullen v. Coakley*, 134 S. Ct. 2518, 2529 (2014) (explaining that "on public streets and sidewalks . . . a listener often encounters speech he might otherwise tune out," and that "this aspect of traditional public fora is a virtue, not a vice"); *Bays v. City of Fairborn*, 668 F.3d 814, 824 (6th Cir. 2012) ("The Supreme Court

has made clear that an individual's speech is protected even if it does 'not meet standards of acceptability' from the potential audience's view."); *Berger v. City of Seattle*, 569 F.3d 1029, 1053 (9th Cir. 2009) ("[W]e cannot countenance the view that individuals who choose to enter [public parks], for whatever reason, are to be protected from speech and ideas those individuals find disagreeable, uncomfortable, or annoying."); *ACLU v. City of Las Vegas*, 466 F.3d 784, 797 n.14 (9th Cir. 2006) ("[T]he interests of a private business or organization cannot trump the public's interest in free speech.").

Accordingly, there is no need for discovery or further proceedings in this case. As the City admits in its Answer to Plaintiff's Amended Complaint, there is a question of law that is ripe for judicial resolution—whether section 14-46(b) can survive strict scrutiny. *See* City Ans. to Am. Compl. ¶ 43 ("By way of further answer, the determination as to whether the requisite governmental interest has been satisfied is a determination for the Court."). The Court can decide that section 14-46(b) is, on its face, an unconstitutional infringement of Plaintiff's free speech rights on the basis of (1) *Reed* and (2) the City's admission that section 14-46(b) does not serve a compelling government interest.

## CONCLUSION

For the foregoing reasons, HHH respectfully requests that this Court grant its motion for judgment on the pleadings, permanently enjoin the City from enforcing section 14-46(b), award Plaintiff its costs and attorneys' fees, and provide Plaintiff such other relief as the Court in its discretion may allow.

Dated: September 11, 2015                    Respectfully submitted,


                                              /s/ Kevin P. Martin
                                             Kevin P. Martin (*pro hac vice*)
                                             Joseph P. Rockers (*pro hac vice*)
                                             Kara A. Harrington (*pro hac vice*)
                                             GOODWIN PROCTER LLP
                                             Exchange Place
                                             Boston, MA 02109
                                             Phone: (617) 570-1000
                                             Fax: (617) 523-1231

                                             Frederick C. Schafrick (*pro hac vice*)
                                             Brian T. Burgess (*pro hac vice*)
                                             Andrew Kim (*pro hac vice*)
                                             GOODWIN PROCTER LLP
                                             901 New York Avenue
                                             Washington, D.C. 20001
                                             Phone: (202) 346-4000
                                             Fax: (202) 346-4444

                                             David M. Snyder
                                             Florida Bar No. 366528
                                             DAVID M. SNYDER, P.A.
                                             4230 S. MacDill Ave.
                                             Suite 229
                                             Tampa, FL 33611
                                             Phone: (813) 258-4501
                                             dmsnyder@dms-law.com

                                             *Counsel for*
                                             *Homeless Helping Homeless, Inc.*

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on September 11, 2015, I electronically filed the foregoing Plaintiff's Motion for Judgment on the Pleadings with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:

None

    /s/ Kevin P. Martin
Kevin P. Martin
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
Phone: (617) 570-1000
Fax: (617) 523-1231
kmartin@goodwinprocter.com